1

CENTER FOR DISABILITY ACCESS
Raymond Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

2

3

4

5

6

7

Attorneys for Plaintiffs

8

9

10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| **Raul Uriarte**, | **Case No**. |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence |
| v. | |
| **Joyce M. Sysak,** Trustee of The Eacker Trust; and Does 1-10, | |
| Defendants. | |

13

14

15

16

17

18

19

20

21

Plaintiff Raul Uriarte complains of Defendants Joyce M. Sysak, Trustee of The Eacker Trust; and Does 1-10 ("Defendants") and alleges as follows; and Does 1-10 ("Defendants") and alleges as follows:

22

23

**PARTIES:**

24

1.  Plaintiff is a California resident with physical disabilities. He is a paraplegic who uses a wheelchair.

25

26

2.  Defendants are, or were at the time of the incidents, the real property owners, business operators, lessors and/or lessees for Zoe Car Wash Products store ("Store") located at or about 1119 N. Main Street, Santa Ana,

27

28

1

Complaint

California.

3.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5.   Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

7.   The Plaintiff went to the Store in January 2015 to shop.

8.   The Store is a facility open to the public, a place of public

Complaint

1   accommodation, and a business establishment.

2       9.   Parking is one of the facilities, privileges and advantages offered by

3   defendants to their customers at the Store.

4       10. Unfortunately, although parking is one of the facilities specifically

5   reserved for patrons of the Store, there is not a single compliant parking space

6   reserved for persons with disabilities available.

7       11. Additionally, on information and belief, plaintiff alleges that a fully

8   compliant parking space reserved for persons with disabilities once existed at

9   this location but it has been allowed to fade away to the point that it is no

10  longer available for use by disabled persons or it has been removed from

11  reserved status.

12      12. Defendants have no policy or procedure in place to make sure that the

13  accessible parking spaces remain useable in the parking lot. As such, the

14  parking space reserved for persons with disabilities is no longer available.

15      13. The plaintiff personally encountered these problems. This inaccessible

16  condition denied the plaintiff full and equal access and caused him difficulty

17  and frustration.

18      14. Plaintiff would like to return and patronize the Store but will be

19  deterred from visiting until the defendants cure the violation.

20      15. The defendants have failed to maintain in working and useable

21  conditions those features required to provide ready access to persons with

22  disabilities.

23      16. Given the obvious and blatant violations, the plaintiff alleges, on

24  information and belief, that there are other violations and barriers on the site

25  that relate to his disability. Plaintiff will amend the complaint, to provide

26  proper notice regarding the scope of this lawsuit, once he conducts a site

27  inspection. However, please be on notice that the plaintiff seeks to have all

28  barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191

Complaint

(9th Cir. 2007) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

17. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

## I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of plaintiffs and against all defendants (42  U.S.C. section 12101, et seq.)

18. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

19. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

> a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

Complaint

1

2

3

4

      b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

5

6

7

8

9

10

11

12

      c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

13

14

15

16

17

18

20. Any business that provides parking spaces must provide handicap parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those handicap parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

19

20

21. Here, the lack of any accessible, compliant parking is a violation of the law.

21

22

23

22. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

24

25

23. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

26

27

28

24. Given its location and options, the Store is a business that the plaintiff will continue to desire to patronize but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore,

Complaint

1   seeks injunctive relief to remove the barriers.

2

3   **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

4   **RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ §

5   51-53)

6      25. Plaintiff repleads and incorporates by reference, as if fully set forth

7   again herein, the allegations contained in all prior paragraphs of this

8   complaint.

9      26. Because the defendants violated the plaintiff's rights under the ADA,

10   they also violated the Unruh Civil Rights Act and are liable for damages. (Civ.

11   Code § 51(f), 52(a).)

12      27. Because the violation of the Unruh Civil Rights Act resulted in

13   difficulty, discomfort or embarrassment for the plaintiffs, the defendants are

14   also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code §

15   55.56(a)-(c).)

16

17   **III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA**

18   **DISABLED PERSONS ACT** (On behalf of plaintiffs and against all

19   defendants) (Cal Civ.§ 54-54.8)

20      28. Plaintiff repleads and incorporates by reference, as if fully set forth

21   again herein, the allegations contained in all prior paragraphs of this

22   complaint.

23      29. Because the defendants violated the plaintiffs' rights under the ADA,

24   they also violated the Disabled Persons Act and are liable for damages. (Civ.

25   Code § 54.1(d), 54.3(a).)

26      30. Because the violation of the Disabled Persons Act resulted in difficulty,

27   discomfort or embarrassment for the plaintiffs, the defendants are also each

28   responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

6

Complaint

1   (c).)

2

3   **IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff

4   and against all defendants)

5     31. Plaintiff repleads and incorporates by reference, as if fully set forth

6   again herein, the allegations contained in all prior paragraphs of this

7   complaint.

8     32. The Defendants had a general duty and a duty arising under the

9   Americans with Disabilities Act and the Unruh Civil Rights Act and

10   California Disabled Persons Act to provide safe, convenient, and accessible

11   facilities to the plaintiffs. Their breach of this duty, as alleged in the preceding

12   paragraphs, has caused injury and damage as alleged above.

13

14       **PRAYER**:

15       Wherefore, Plaintiff prays that this court award damages and provide

16   relief as follows:

17     1. For injunctive relief, compelling defendants to comply with the

18   Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

19   Plaintiffs are not invoking section 55 of the California Civil Code and is not

20   seeking injunctive relief under the Disabled Persons Act at all.

21     2. Damages under the Unruh Civil Rights Act and/or the California

22   Disabled Persons Act which damages provide for actual damages and a

23   statutory minimum of $4,000. Note: a plaintiff cannot recover under both

24   acts, simultaneously, and an election will be made prior to or at trial.

25

26

27

28

Complaint

1      3. Reasonable attorney fees, litigation expenses and costs of suit,

2   pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3.

3

4   Dated: March 9, 2015                    CENTER FOR DISABILITY ACCESS

5

6                                           By: _____
                                            Mark Potter, Esq.
7                                           Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint